Nos. 04-00-00019-CV; 04-00-00020-CV; 04-00-00021-CV


IN THE MATTER OF J.I.


From the 73rd Judicial District Court, Bexar County, Texas


Trial Court Nos. 99-JUV-00921; 99-JUV-01017; 99-JUV-01430


Honorable Frank Montalvo, Judge Presiding


PER CURIAM

Sitting: Tom Rickhoff, Justice 

 Alma L. López, Justice

 Catherine Stone, Justice 


Delivered and Filed: March 8, 2000

APPEALS DISMISSED FOR LACK OF JURISDICTION

 Disposition orders were signed in these matters on July 22, 1999. Appellant filed timely
motions for new trial on August 13, 1999. See Tex. Fam. Code Ann. § 56.01(b) (Vernon Supp.
1999); Tex. R. Civ. P. 329b(a). Therefore, the notices of appeal were due on October 20, 1999. See
Tex. R. App. P. 26.1(a)(1). To obtain an extension of time to file the notices of appeal, appellant was
required to file a motion for extension of time and the notices of appeal within fifteen days after the
notices of appeal were due. See Tex. R. App. P. 26.3. Appellant filed his notices of appeal on
December 16, 1999--more than fifteen days after they were due. 

 A motion for extension of time is necessarily implied when an appellant, acting in good faith,
files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period
provided by Rule 26.3 for filing a motion for extension of time. See Verburgt v. Dorner, 959 S.W.2d
615, 617 (Tex. 1997) (construing the predecessor to Rule 26). But "once the period for granting a
motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate
court's jurisdiction." Id. We therefore ordered appellant to show cause why these appeals should
not be dismissed for lack of jurisdiction. 

 Appellant's counsel has responded that the notices of appeal were filed late because appellant
did not decide to appeal until after the notices of appeal were due. This response does not
demonstrate that we have jurisdiction over these appeals. We therefore dismiss the appeals for lack
of jurisdiction. 

 PER CURIAM

DO NOT PUBLISH